IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH RAY ALIRES,

    Plaintiff,

  v.                            No. CIV 13-1185 MCA/CEG

SANTA ROSA POLICE DEPARTMENT,
STATE OF NEW MEXICO, DISTRICT ATTORNEY,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff was incarcerated when he filed the complaint, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The Court will grant Plaintiff leave to proceed IFP, and, because the record indicates that Plaintiff has been released from custody, no installment payments will be ordered. For reasons set out below, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants falsely accused Plaintiff of criminal activity and arrested and incarcerated him with no evidence of wrongdoing.  Plaintiff alleges that he was arrested and prosecuted on the sole basis of one person's statement against him.  He does not specifically state whether he was convicted of the charges, although he was incarcerated when he filed his complaint.  Plaintiff claims that Defendants' actions amounted to false arrest, malicious prosecution, and false imprisonment in violation of his rights under the Eighth and Fourteenth Amendments.  The violations caused him severe mental anguish.  The complaint seeks damages and reimbursement for mental health treatment.

Plaintiff's claims, based on the alleged absence of evidence to prosecute or convict him, appear to call into question the constitutionality of the criminal conviction by which Plaintiff was incarcerated.  These claims are barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id*. at 487.  The complaint does not allege that Plaintiff's conviction has been set aside, *see id*. at 486-87, and the rule in *Heck* applies even though Plaintiff has been released, *see Carbajal v. Hotsenpiller*, 524 F. App'x 425, 428 (10th Cir. 2013) ("We also reject [Plaintiff]'s assertion that *Heck* is inapplicable because he can no longer seek habeas relief, having been released from custody for the convictions at issue.").  Plaintiff's allegations of lack of evidence fail to state a claim cognizable under § 1983, *see Webber v. Weaver*, 6 F. App'x 706, 708 (10th Cir. 2001), and the Court will dismiss his complaint, *but see Fottler v. United States*, 73 F.3d

1064, 1065-66 (10th Cir. 1996) (noting that a plaintiff who overturns conviction may then bring § 1983 action).

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 10) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED, other pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE